UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

IN RE:

PATRICIA COSGROVE

Bankruptcy No. 10-35006
Honorable Daniel Opperman
Chapter 13

Debtors.
_____/

PATRICIA COSGROVE

Adversary Case No. 10-03631

Plaintiffs,
v.

PNC BANK, AS SUCCESSOR OF NATIONAL CITY BANK and

GREEN TREE

Jointly and Severally,

Defendant.
_____/

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

**NOW COMES** Plaintiffs herein, Patricia Cosgrove, by and through her attorneys, CHIMKO & ASSOCIATES, P.C. and move this Court as follows:

1. On October 5, 2010, Plaintiffs filed a Complaint to Determine the Extent of the Lien of PNC BANK, AS SUCCESSOR OF NATIONAL CITY BANK AND GREEN TREE.

2. The aforementioned Complaint was duly and properly served on the Defendants herein on October 5, 2010.

3. The Complaint alleged the following:

    a. Jurisdiction of this matter is conferred on the Court by 28 USC § 1334(b).

    b. This is a core proceeding pursuant to 28 USC § 157(b)(2)(K).

    c. Venue is proper pursuant to 28 USC 1409(a).

    d. On September 15, 2010 the Chapter 13 Petition was commenced.

    e. A Plan was filed on September 23, 2010, which proposes to strip the second mortgage lien of PNC BANK, AS SUCCESSOR OF NATIONAL CITY BANK et al., Defendant, commonly known as 3421 Rush Lake Rd., Pinckney, MI 48169-8534.

    f. There are 2 liens on the subject property; the first lien of Mortgage Electronic Registration Systems, Inc. (a copy of the pertinent portions of the said mortgage is

attached hereto and made a part hereof by reference, being marked as Exhibit B); precedes the second lien of the Defendant, PNC BANK, AS SUCCESSOR OF NATIONAL CITY BANK et al. (a copy of the pertinent portions of the said mortgage is attached hereto and made a part hereof by reference, being marked as Exhibit C).

    g. The total value of the lien of the first mortgage is at least $127,614.46 (a copy of the Billing Statement indicating said balance is attached hereto and made a part hereof by reference, being marked as Exhibit D).

    h. The total value of the lien of the second mortgage is at least $32,635.27 (a copy of the Billing Statement indicating said balance is attached hereto and made a part hereof by reference, being marked as Exhibit E).

    i. Pursuant to the appraisal performed by a licensed appraiser, Joy L. Hull with Rapid Appraisal Services, LLC the value of the subject property in today's market is $90,000.00 (a copy of said appraisal is attached hereto and made a part hereof by reference, being marked as Exhibit F).

    j. 11 USC § 506(a) allows a creditor to have a secured claim to the extent of the value of its interest in the estate's interest in the property, and an unsecured claim to the extent that its interest is less than the amount of its allowed secured claim.

    k. The interest of the first mortgage exceeds the value of the subject property.

    l. There is no remaining interest in the estate's interest in the property to which the lien of the Defendant can attach, rendering the interest of the Defendant as wholly unsecured.

    m. The claim of the Defendant should be treated as wholly unsecured.

4. Defendants have failed or refused to plead or otherwise defend this cause of action within the time permitted pursuant to Fed. R. Bankr. P. 7012, and specifically indicated on the Summons which accompanied the Complaint.

5. Defendants are in default pursuant to Fed. R. Civ. P. 55, applicable to this proceeding through Fed. R. Bankr. P. 7055, for failure to plead or otherwise defend the proceeding.

6. The Clerk of the Court entered a Default in this matter on November 9, 2010; as more fully set forth in Exhibit B, attached hereto.

7. Plaintiffs' Attorney's Affidavit of Default is attached as Exhibit C and hereby incorporated herein pursuant to Fed. R. Bankr. P. 7055-1 (E.D.M.).

**WHEREFORE**, Plaintiffs pray that this Court enter an Order determining that the lien of the Defendants shall be stripped from the following property: Commonly known as 3421 Rush Lake Rd., Pinckney, MI 48169-8534.

Respectfully submitted:

CHIMKO & ASSOCIATES, P.C.

By: _____
DARRYL J. CHIMKO (P31016)
JUNHUA GU (P69327)
MICHELLE A. KING (P72429)
Attorneys for Plaintiffs
26212 Woodward Ave.
Royal Oak, MI 48067
(248) 284-1661
dmengel@chimkolaw.com

Dated: November 18, 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

IN RE:

PATRICIA COSGROVE

Bankruptcy No. 10-35006
Honorable Daniel Opperman
Chapter 13

Debtors.
_____/

PATRICIA COSGROVE

Adversary Case No. 10-03631

Plaintiffs,
v.

PNC BANK, AS SUCCESSOR OF NATIONAL CITY BANK and

GREEN TREE

Jointly and Severally,

Defendant.
_____/

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF' MOTION FOR DEFAULT JUDGMENT

The pertinent portion of Fed. R. Bankr. P. 7012(a) provides in part:

if a Complaint is duly served, <u>the defendants shall serve an answer within 30 days after the issuance of the summons,</u> except when a different time is prescribed by the Court... (Emphasis added.)

Federal Rule of Civil Procedure 55, applicable to adversary proceedings through Fed. R. Bankr. P. 7055, provides:

(a) Entry. When party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default.

(b) Judgment. Judgment by default may be entered as follows:

(1) By the Clerk. When the Plaintiff's claim against a defendants are for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the Plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the Defendants, if he has been defaulted for failure to appear and if he is not an infant or incompetent person.

(2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefore; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application of judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the trust of any averment by evidence or to make an investigation of any other matter, the court

may conduct such hearings or order such references as it deems necessary and proper and shall accord a right or trial by jury to the parties when and as required by any statute of the United States.

In this adversary proceeding, the Summons and Complaint were issued on October 5, 2010. The Summons specified that an answer was required within thirty (30) days from the issuance of said Summons, or Defendants herein would be in default. Fed. R. Bankr. P. 7012; JOHAN CO. v. DAKOTA INDUSTRIES, INC., 27 B.R. 575 (D.C. New Jersey, 1983).

As Defendants have failed or refused to plead or otherwise defend as required in Fed. R. Bankr. P. 7012, the clerk of this Court served Defendants with a Notice of Default on November 9, 2010 and Plaintiffs have served Defendants with a Notice of Motion for Default Judgment, and has otherwise complied with the provisions of Fed. R. Civ. P. 55, the Court should default Defendants and render Judgment in favor of Plaintiffs, . Fed. R. Civ. P. 55; Fed. R. Bankr. P. 7055, In Re: GOLD COAST CONCEPTS, INC., 23 B.R. 228 (S.D. Florida, 1982).

Respectfully submitted:

CHIMKO & ASSOCIATES, P.C.

By: _____
DARRYL J. CHIMKO (P31016)
JUNHUA GU (P69327)
MICHELLE A. KING (P72429)
Attorneys for Plaintiffs
26212 Woodward Ave.
Royal Oak, MI 48067
(248) 284-1661
dmengel@chimkolaw.com

Dated: November 18, 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

IN RE:

PATRICIA COSGROVE

Bankruptcy No. 10-35006
Honorable Daniel Opperman
Chapter 13

Debtors.
_____/

PATRICIA COSGROVE

Adversary Case No. 10-03631

Plaintiffs,
v.

PNC BANK, AS SUCCESSOR OF NATIONAL CITY BANK and

GREEN TREE

Jointly and Severally,

Defendant.
_____/

## DEFAULT JUDGMENT DETERMINING THE EXTENT OF THE LIEN OF PNC BANK, AS SUCCESSOR OF NATIONAL CITY BANK AND GREEN TREE

**IT IS ORDERED** that upon completion of the Debtors' Chapter 13 Plan and the entry of a Chapter 13 Discharge Order in Bankruptcy Case Number 10-35006, the mortgage ("Mortgage") dated May 3, 2006, covering the following described property ("Property") situated in the Township of Pinckney, County of Livingston, State of Michigan, and further described as follows:

Land situated in the Township of Hamburg, Livingston County, Michigan
Lot 594, Herndon's Rush Lake Estates No. 1, as recorded in Liber 6 on Pages 22 and 23 of Plats

Commonly known as: 3421 Rush Lake Rd, Pinckney, MI 48169-8534

recorded in the Livingston County Register of Deeds on May 22, 2006, Document Number 2006R-004192 will be stripped from the Property and discharged.

**IT IS FURTHER ORDERED** that upon completion of the Debtor's Chapter 13 Plan and the entry of a Chapter 13 Discharge Order in Bankruptcy Case Number 10-35006, the Debtor may record a true copy of this order, with a copy of the Debtor's Chapter 13 Discharge Order attached with the Livingston County Register of Deeds, which will constitute and effectuate the discharge of the Mortgage.

**IT IS FURTHER ORDERED** that if the Debtor fails to complete the debtors' Chapter 13 Plan and obtain a Chapter 13 Discharge Order in Bankruptcy Case Number 10-35006, this order does not affect the validity or enforceability of the Mortgage and may not be used in any subsequent bankruptcy case of the Debtor either to compel the holder of the Mortgage to execute a discharge of the Mortgage, or to otherwise act as a discharge of the Mortgage.

EXHIBIT A

Form defaultAP

# UNITED STATES BANKRUPTCY COURT
Eastern District of Michigan

226 West Second Street
Flint, MI 48502

In Re: Patricia A Cosgrove
Debtor

Case No.: 10-35006-dof
Chapter 13
Judge: Daniel S. Opperman.Flint

Patricia A Cosgrove
Plaintiff

Adv. Proc. No. 10-03631-dof

v.

PNC Bank, as Sucessor of National City Bank et al.
Defendant

## DEFAULT ENTRY BY CLERK

It appears from the records in the above-entitled proceeding that a summons has been served upon the defendant named below and that the defendant has failed to timely plead or otherwise defend in said proceeding as directed in said summons and as provided in the Federal Rules of Bankruptcy Procedure.

Now, therefore, pursuant to Fed. R. Bankr. P. 7055 the **DEFAULT** of the following is hereby entered.

Both Defendants

The plaintiff shall file an application for default judgment, pursuant to L.B.R. 7055-1 within 14 days from the entry of this default. Applications for default judgment shall be accompanied by the affidavit required under the Servicemember's Civil Relief Act of 2003.

If the plaintiff fails to file the application for default judgment *within 14-days* from the entry of this default, the complaint may be dismissed without a hearing.

Dated: 11/9/10

/s/ Katherine B. Gullo
Katherine B. Gullo , Clerk of Court
United States Bankruptcy Court



UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

IN RE:

PATRICIA COSGROVE  

Bankruptcy No. 10-35006
Honorable Daniel Opperman
Chapter 13

Debtors.
_____/

PATRICIA COSGROVE

Adversary Case No. 10-03631

    Plaintiffs,

v.

PNC BANK, AS SUCCESSOR OF NATIONAL CITY BANK and

GREEN TREE

Jointly and Severally,

    Defendant.
_____/

### ATTORNEY'S AFFIDAVIT OF DEFAULT

STATE OF MICHIGAN    )
                            )SS.
COUNTY OF OAKLAND  )

Michelle A. King, first being duly sworn, states the following:

1. I am a member of the firm of Chimko & Associates, P.C. which represents the Plaintiffs' in this matter.

2. This Affidavit is made in support of the Default to be entered against the Defendants, PNC Bank, as Successor of National City Bank and Green Tree.

3. Plaintiffs' Complaint was filed and a Summons was issued on October 5, 2010.

4. Plaintiffs' Complaint was served on Defendants on October 5, 2010.

5. More than thirty (30) days have passed since the issuance of the Summons.

6. Defendants have failed or refused to file and serve an Answer to the Complaint or to take any other action allowed by law.

7. Defendants are in default pursuant to Fed. R. Civ. P. 55(a) and Fed. R. Bankr. P. 7055.

8. The Defendants are not an infant, incompetent person, nor in the military service of the United States.

9. The Clerk entered a default pursuant to Fed. R. Civ. P. 55(a) and Fed. R. Bankr. P. 7055 on or about November 9, 2010.

Subscribed and sworn to before me
this 22nd day of November, 2010

DAWN M. ENGEL, Notary Public
St. Clair County, Michigan
Acting in Oakland County
My Commission Expires: 10-2-2014

/S/ Michelle A. King (P72429)

EXHIBIT C